IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James D. Prather, | ) | C/A No.: 1:11-3176-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Petitioner James D. Prather is an inmate at McCormick Correctional Institution who has filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual Background

On May 26, 2006, in the Aiken County Court of General Sessions, Petitioner was found guilty of trafficking cocaine and possession with intent to distribute ("PWID") within one-half mile of a park. [Entry #1 at 1]. Petitioner received a twenty-year sentence for the trafficking conviction and a fifteen-year sentence for the PWID conviction, to be served concurrently. *Id.* The South Carolina Court of Appeals affirmed the convictions on direct appeal on October 9, 2008. *Id.* at 2. Petitioner filed an

application for post-conviction relief ("PCR") on June 19, 2009, which is currently pending. *Id.* at 3.

Petitioner claims the State requested a continuance in the PCR action on July 15, 2010, in order to "get a copy of a transcript." *Id.* at 14. Petitioner received a letter from his attorney on June 27, 2011, indicating that the State had received a copy of the transcript. *Id.* However, as Petitioner has "not yet [had] a chance to complete his PCR stage," he alleges a violation of his right to due process. *Id.* Petitioner indicates that he "does not ask the court to address the merits of the federal claims but in my State court petition instead." *Id.* at 5, 14, 16, and 17. As relief, Petitioner asks for release or for his issue to be addressed. *Id.* at 18.

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be

true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant petition is subject to dismissal because Petitioner has not exhausted his state court remedies. Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n. 4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim

has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)).[1]

In this case, Petitioner indicates that his grounds for habeas relief are unexhausted and that his convictions are currently being reviewed by a higher state court. [Entry #1 at 5, 7, 8, 10, and 11]. Because it is clear from the face of the petition that Petitioner has potentially viable state court remedies which have not been utilized, this court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Therefore, Petitioner's habeas action is subject to summary dismissal.

It is noted that Petitioner brings this habeas action because of an alleged excessive delay in his state PCR action. While "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings," *Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995), the delay in Petitioner's case does not rise to the level of the fifteen-year delay in *Ward* and does not render Petitioner's state court

---

[1] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

remedies ineffective.[2] Further, the instant petition specifically asks this court not to address the merits of Petitioner's federal claims. [Entry #1 at 5, 14, 16, and 17]. Although § 2254 allows for the filing of successive petitions, leave to file such petitions must be granted by the court of appeals and is available only in certain limited circumstances. *See* 28 U.S.C. § 2244(b)(2). Dismissal of the present action, without prejudice, results in Petitioner having to continue the wait for state court review of his PCR application. However, an alternate ruling could leave Petitioner in a position where he is unable to challenge his underlying state convictions in federal court. Summary dismissal of the above-captioned case will protect Petitioner from a potential "successive-petition bar" and allow Petitioner to bring substantive challenges to his state convictions when state remedies are exhausted.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 6, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[2] Generally, a more lengthy delay than that of which Petitioner complains is required. *See, e.g., Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004) (eight-year delay); *Mathis v. Hood*, 851 F.2d 612 (2d Cir. 1988) (six-year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987) (five-and-one-half-year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986) (thirty-three-month delay); *see generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).