IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James D. Prather,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>Leroy Cartledge,  )<br>)<br>Respondent.  )<br>)<br>_____) | Civil Action No. 1:11-3176-RMG<br><br><br><br>**ORDER** |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was automatically referred to the United States Magistrate Judge for all pre-trial proceedings pursuant to 28 U.S.C. §636(b) and Local Rule 73.02(b)(2), D.S.C. Petitioner acknowledges that he has a pending state court PCR proceeding in which he has unexhausted state court remedies but complains about the delay in the completion of these state court proceedings. The Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss the petition without prejudice and without service of process. (Dkt. No. 19). Petitioner has filed no objection to the Magistrate Judge's Report and Recommendation. The Court hereby adopts the Magistrate Judge's Report and Recommendation as the Order of this Court.

### Law/ Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

-1-

Court. *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The United States Supreme Court observed in *Thomas v. Arn*, 474 U.S. 140, 150 (1985) that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* review or any other standard, when neither party objects to those findings."

In this matter, the Magistrate Judge found that Petitioner had a pending state court PCR proceeding and unexhausted state appellate remedies. (Dkt. No. 19 at 4). It is well settled that a petitioner in a habeas proceeding with unexhausted state remedies is generally not entitled to federal habeas relief. *Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Further, as the Magistrate Judge noted, dismissal without prejudice of the § 2254 petition preserves the Petitioner's subsequent right to file a non-successive § 2254 petition. (Dkt. No. 19 at 5). In light of the well reasoned Report and Recommendation and the failure of Petitioner to file any objection, dismissal without prejudice and without service of process is clearly the appropriate decision in this matter.

## Conclusion

After carefully reviewing the petition in this matter, the Magistrate Judge's Report and Recommendation and the relevant case law, the Court hereby adopts the Report and Recommendation as the order of this Court. Therefore, this case is **DISMISSED WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS.**

**Certificate of Appealability**

The governing law provides that:

(C)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(C)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).   28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessments of his constitutional claims debatable or wrong and than any dispositive procedural ruling is likewise debatable. *Miller-El. v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for issuance of a certificate of appealability has not been met. Therefore, the certificate of appealability is hereby **DENIED**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 19, 2012

-3-